PATRIA UGARTE VIUDA DE IGARTÚA, demandante y apelante, *v.* ENCARNACIÓN ABOY VDA. DE CINTRÓN, demandada y apelada.

Núm. 7263.—*Sometido:* Diciembre 22, 1937. *Resuelto:* Febrero 3, 1938.

*F. Fernández Cuyar*, abogado de la apelante; *H. Torres Solá*, abogado de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La apelante, Patria Ugarte Viuda de Igartúa, residía en un pequeño apartamiento perteneciente a la aquí apelada para la época en que ocurrió el accidente que dió lugar a este litigio. De la prueba se desprende que se hacían ciertas reparaciones en parte del piso de la sala y del comedor. El carpintero que había sido empleado por el agente reconocido de la demandada, se vió con la apelante en la mañana del día del accidente y aparentemente cambió impresiones con ella respecto al trabajo que debía realizarse. Como a la una y media de aquella tarde mientras se dedicada a cambiar varias tablas del piso del comedor, el carpintero salió temporalmente fuera a buscar la madera que iba a usar. Al hacerlo, dejó un hueco en el piso lo suficientemente grande para que una persona pudiera caerse a través del mismo. La demandante, por algún motivo de índole personal, en aquel momento vino al comedor, accidentalmente se paró en el hueco y se cayó al sótano de la casa. El sótano tenía como nueve pies de profundidad. A no ser por algunos detalles de menor importancia, éstos son los hechos esenciales envueltos en el presente caso. Luego de una reclamación infructuosa de daños y perjuicios ante la corte de distrito, la demandante ha apelado para ante este tribunal y señala tres errores.

Los primeros dos señalamientos se refieren a las conclusiones de la corte sentenciadora al efecto de que el accidente se debió fundamentalmente al acto voluntario de la demandante al caminar hacia el hueco a pesar de tener conocimiento de su existencia y situación, y que la negligencia de la demandada no fué la causa próxima del accidente.

Hemos estudiado cuidadosamente la transcripción de evidencia y formado opinión definitiva respecto a los hechos y la ley. La acción se basa en los artículos 1802 y 1803 del Código Civil (ed. 1930). La alegación específica de negligencia en que se basa la demandante lee así:

"4. En dicho día 10 de febrero de 1934, la demandada tenía empleado un carpintero quien trabajaba en la reparación del piso del apartamiento ocupado por la demandante, cambiando ciertas tablas de dicho piso, y reparando otras; y alega la demandante que dicho carpintero, cerca de la 1:30 de la tarde de dicho día, mientras trabajaba en el piso del comedor, abandonó su trabajo, yéndose al patio del edificio, y dejó abierto en dicho comedor un hueco que medía 55½ pulgadas de largo por 22 pulgadas de ancho, sin que en ningún momento avisara a la demandante de la existencia de dicho hueco, ni pusiera señal alguna para indicarle su existencia, permitiendo por el contrario que el 'linoleum' o cobertor que había sobre el piso del comedor cubriera casi en su totalidad el hueco referido."

La contestación niega general y específicamente las alegaciones de la demanda y como defensa especial aduce que el accidente se debió exclusivamente a la negligencia de la demandante misma.

El juez sentenciador llegó a la conclusión de que el *linoleum* que de ordinario cubría el piso, junto con los muebles, habían sido movidos y puestos a un lado a fin de permitir que se activara el trabajo. Después de leer la evidencia no nos es posible dejar de convenir con tal conclusión. La apelante admite en su alegato que el carpintero con toda probabilidad no puso voluntariamente una vez más el *linoleum* sobre el hueco al salir de la habitación, pero sostiene que de algún modo permitió negligentemente que dicho *linoleum* cubriera la abertura. Esta posibilidad, a nuestro juicio, es demasiado remota.

Debe resolverse ahora si el carpintero de la demandada no fué negligente al dejar, aunque fuera momentáneamente, el hueco en el piso, sin colocar alguna señal que indicara su existencia o sin notificar tal hecho a la demandante. Bajo las circunstancias especiales del caso no tenía tal obligación.

Debe notarse que la corte sentenciadora llegó a la conclusión, y estamos de acuerdo con ella, de que la demandante tenía conocimiento del trabajo que se realizaba y de que ciertas tablas del comedor estaban siendo cambiadas. El carpintero declaró que la demandante le vió salir. Era enteramente razonable que él supusiera que en su ausencia ella no vendría al comedor sin tomar las precauciones necesarias para evitar precisamente lo que sucedió. Dado el conocimiento que la demandante tenía de toda la situación, no puede decirse que el carpintero dejó de ejercer el debido cuidado.

La demandante, por otra parte, desgraciadamente no tomó ningunas precauciones al penetrar en el comedor. Ella sabía que se estaban reparando algunas tablas y que otras pudieron haber sido quitadas. Si la habitación estaba oscura, según sostiene la demandante, ella estaba en el deber de tomar las precauciones necesarias. No resolvemos que la demandante fué culpable de negligencia, pero de haber habido alguna, ella fué culpable de la misma.

En el tercer y último señalamiento se sostiene que la decisión de la corte inferior se basó en negligencia contribuyente y que tal cuestión nunca fué presentada por las alegaciones. Se cita un solo párrafo de la opinión de la corte en el sentido de que expresa ese razonamiento. Lee así:

"De los hechos del caso aparece que quizá pudiera existir cierto grado de negligencia en la demandada, por la omisión de su empleado el carpintero dejando el hueco al descubierto mientras cortaba las tablas, ya que el *linoleum* ni parte del mismo estaba sobre el hueco como se alega en la demanda, pero como la demandante, conociendo la situación y existencia del hueco, pasó por sobre el mismo al cruzar la habitación o caminar por ella, porque no de otro modo se hubiera caído por el hueco, su acto voluntario fué la causa determinante del daño, y está impedida de recobrar. La omisión dejando el hueco en descubierto necesariamente no producía por sí solo perjuicio alguno a la demandada (*sic*)."

Una mera lectura de este párrafo bastará para convencernos de que el señalamiento carece de fundamento. La manifestación sobre la negligencia de la demandada no es en

absoluto positiva. En verdad quizá podría describirse como especulativa. La verdadera base de la decisión, según se indica claramente en toda la opinión, fué que sólo la demandante dejó de tener el debido cuidado y en su consecuencia sólo ella es responsable de su desgracia.

Sin embargo, basamos nuestra decisión en el hecho de que no se demostró ninguna negligencia que dé lugar a una acción de daños y perjuicios.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.